IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR10-229 |
| | ) | |
| BRENT KEVIN HERCULES | ) | |
| ANTOINE and JEAN A. SERAPHIN, | ) | |
| a/k/a ALLEN DEBROSSE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

Pending before the Court is the Government's Motion for Reciprocal Discovery [ECF #152]. Defendant Seraphin filed a response to the Government's Motion for Reciprocal Discovery [ECF#155] on May 23, 2012. Defendant Antoine filed a response to the Government's Motion for Reciprocal Discovery on July 29, 2012 [ECF #175].

In its Motion for Reciprocal Discovery, the Government seeks an Order for Defendants to provide it with numerous types of discovery. First, the Government seeks"[a]ny documents and tangible objects under Fed.R.Crim.P. 16(b)(1)(A), including: books, paper, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if within the Defendants' possession, custody or control, and Defendants intends to use the items in the Defendants' case-in-chief at trial." Motion for Reciprocal Discovery, ¶ 1.

In response, Defendant Seraphin states:

> To the extent that the United States has not complied with this defendant's requests for disclosure under Fed.R.Crim.P. 16(a)(1)(E), this defendant is under no obligation to respond to this demand.

> Without waving that objection . . . This defendant is not in possession of any documents described in Fed.R.Crim.P. 16(b)(1)(A), that are not already in the possession of the United States. This response will be supplemented if necessary as appropriate prior to trial.

Seraphin Response, ¶ 1.

In response, Defendant Antoine states:

> To the extent that the United States has not complied with this defendant's requests for disclosure under Fed.R.Crim.P. 16(a)(1)(E), this defendant is under no obligation to respond to this demand.
>
> Without waving that objection . . . This defendant's requests for disclosure under Fed.R.Crim.P. 16(a)(1)(E), this defendant is under no obligation to respond to this demand.

Antoine Response, ¶ 1.

Government compliance with a defendant's request for disclosure under Rule 16(a)(1)(E) entitles the government, upon request, "to inspect and to copy or photograph books, papers, documents, data photographs, tangible objects, buildings or places, or copies or portions of any of these items." Fed.R.Crim.P. 16(b)(1)(A). The Government has made discovery permitted under Rule 16(a)(1)(E) available to the Defendants. Therefore, it is entitled to the requested pretrial, reciprocal discovery from the Defendants pursuant to Fed.R.Crim.P. 16(b)(1)(A). This part of the Government's Motion will be granted as to both Defendants.

Second, the Government seeks "[a]ny report of examination and tests which Defendants intends to use at trial." Motion for Reciprocal Discovery, ¶ 2 (citing Fed.R.Crim.P. 16(b)(1)(B)).

In response, Defendant Seraphin states:

> To the extent that the United States has not fully complied with its obligation for disclosure in response to defendant's request for disclosure under Fed.R.Crim.P. 16(a)(1)(F), this defendant is under no obligation to respond.
>
> Without waving said objection . . . This defendant is not in possession of any documents as described in Fed.R.Crim.P. 16(b)(1)(B), that are not already in the

possession of the United States. This response will be supplemented if necessary as appropriate prior to trial.

Seraphin Response, ¶ 2.

In response, Defendant Antoine states:

To the extent that the United States has not fully complied with its obligation for disclosure in response to defendant's request for disclosure under Fed.R.Crim.P. 16(a)(1)(F), this defendant is under no obligation to respond.

Without waving said objection . . . This defendant is not in possession of any documents as described in Fed.R.Crim.P. 16(b)(1)(B), that are not already in the possession of the United States. This response will be supplemented if necessary as appropriate prior to trial.

Antoine Response, ¶ 2.

Government compliance with a defendant's request for disclosure under Rule 16(a)(1)(F) entitles the government, upon request:

to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Fed.R.Crim.P. 16(b)(1)(B). The Government has made discovery material permitted under Rule 16(a)(1)(F) available to the Defendants. Therefore, it is entitled to the requested pretrial, reciprocal discovery from the Defendants pursuant to Fed.R.Crim.P. 16(b)(1)(B). This part of the Government's Motion will be granted as to both Defendants.

Third, the Government seeks "[a]ny summary of expert testimony, including the witness' opinions, the basis and reasons for those opinions, and the witness' qualifications." Motion for

Reciprocal Discovery, ¶ 3 (citing Fed.R.Crim.P. 16(b)(1)(C)(i)). In response, Defendant Seraphin states:

> To the extent that the United States has not fully complied with its obligation for disclosure in response to defendant's request for disclosure under Fed.R.Crim.P. 16(a)(1)(F), this defendant is under no obligation to respond.
>
> Without waving said objection . . . This defendant is not in possession of any documents described in Fed.R.Crim.P. 16(b)(1)(C)(1), that are not already in the possession of the United States. This response will be supplemented if necessary as appropriate prior to trial.

Seraphin Response, ¶ 3.

> In response, Defendant Antoine states:
>
> To the extent that the United States has not fully complied with its obligation for disclosure in response to defendant's request for disclosure under Fed.R.Crim.P. 16(a)(1)(F), this defendant is under no obligation to respond.
>
> Without waving said objection . . . This defendant is not in possession of any documents as described in Fed.R.Crim.P. 16(b)(1)(C)(1), that are not already in the possession of the United States. This response will be supplemented if necessary as appropriate prior to trial.

Antoine Response, ¶ 3.

Government compliance with a defendant's request for disclosure under Rule 16(a)(1)(G) entitles the government, upon request: "[to] a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial," and "[t]his summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed.R.Crim.P. 16(b)(1)(C)(i) The Defendants sought disclosure pursuant to Fed.R.Crim.P. 16(a)(1)(G) and the Government has complied with this discovery request. Therefore, it is entitled to the requested pretrial, reciprocal discovery from the Defendants pursuant to Fed.R.Crim.P. 16(b)(1)(C)(i). This part of the Government's Motion will be granted as to both Defendants.

Fourth, the United States seeks "[a]ny statement of any witness the Defendants intend to call at trial." Motion for Reciprocal Discovery, ¶ 4 (citing Fed.R.Crim.P. 26.2).

In response, Defendant Seraphin states: "This defendant is not in possession of any statement as defined by Fed.R.Crim.P. 26.2(f)." Seraphin Response, ¶ 4. Defendant Antoine similarly states: This defendant is not in possession of any statement as defined by Fed.R.Crim.P. 26.2(f)." Antoine Response, ¶ 4.

Fed.R.Crim.P. 26.2(a) states: "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." This part of the Government's Motion will be granted as to both Defendants. Should the Defendants find themselves in possession of any statement as defined by Fed.R.Crim.P. 26.2(f), they shall produce said statement to the Government for its examination and use. Further, while Fed.R.Crim.P. 26.2 does not require production of such a statement until after the witness has testified on direct examination, we encourage the Defendants to disclose any such statement no later than ten days prior to trial.

Fifth, the Government seeks "[w]ritten notice of any alibi defense as to the Defendants' alleged whereabouts on or about March 3, 2010." Motion for Reciprocal Discovery, ¶ 5 (citing Fed.R.Crim.P. 12.1(a)(1)). Fed.R.Crim.P. 12.1(a)(1) states: "[a]n attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense." Id.

In response, Defendant Seraphin states: "[t]his defendant does not intend at this time to present an alibi defense as to the defendant's alleged whereabouts on or about March 3, 2010." Seraphin Response, ¶ 5. Defendant Antoine similarly responds: "[t]his defendant does not intend at this time to present an alibi defense as to the defendant's alleged whereabouts on or about March 3, 2010." Antoine Response, ¶ 5.

Based upon the Defendants' responses, this part of the Government's Motion is denied as moot as to both Defendants.

Sixth, the Government seeks "[w]ritten notice of any defense related to any mental condition, or mental examination, or insanity defense." Motion for Reciprocal Discovery, ¶ 6 (citing Fed.R.Crim.P. 12.2(a)(1)). Fed.R.Crim.P. 12.2(a)(1) states in relevant part: "[a] defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk." Id. In response, Defendant Seraphin states: "this defendant does not, at this time, intend to introduce expert evidence related to a mental disease or defect or any other mental condition." Seraphin Response, ¶ 6. Defendant Antoine also states: "this defendant does not, at this time, intend to introduce expert evidence related to a mental disease or defect or any other mental condition." Antoine Response, ¶ 6.

Given that both of the Defendants' responses were non-responsive to the Government's request, we will grant this part of the Government's Motion and order both Defendants to notify the Government in writing within fourteen (14) days of the date of the Order accompanying this Opinion if he intends to assert a defense of insanity of the time of the alleged offense.

Seventh and finally, the Government seeks "[w]ritten notice of any actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence at the time of the offense." Motion for Reciprocal Discovery, ¶ 7 (citing Fed.R.Crim.P. 12.3). In response, Defendant Seraphin states: "This defendant does not intend at this time to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense." Seraphin Response, ¶ 7. Defendant Antoine similarly states: "This defendant does not intend at this time to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense." Antoine Response, ¶ 7.

Fed.R.Crim.P. 12.3 provides in relevant part: "[i]f a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets." Id. Based upon the Defendants' responses, this part of the Government's Motion is denied as moot as to both Defendants.

An appropriate Order follows.

August 9, 2012

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge